THE CITY NATIONAL BANK OF CONNECTICUT *v.*
CYNTHIA R. DAVIS ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued March 6—decision released May 27, 1980

*H. G. Guion,* for the appellant (garnishee Colonial Bank and Trust Company).

*Abraham I. Gordon* and *Richard S. Scalo,* with whom, on the brief, was *David M. Spinner,* for the appellee (plaintiff).

PER CURIAM. This case arises out of prejudgment orders of attachment and garnishment which the garnishee seeks to vacate on the ground that the defendant in the underlying actions has no legal interest in the property attached. The prejudgment remedies of attachment were ordered, after a hearing in 1976, in conjunction with two actions to enforce the indebtedness of the defendant Cynthia R. Davis and others[1] on retail instalment contracts which obligated them to pay certain sums to the plaintiff, the City National Bank of Connecticut. Various unsuccessful efforts were made by and on behalf of the garnishee, the Colonial Bank and Trust Company, to have the garnishee become a party defendant in those actions. After judgments by stipulation were rendered against the defendant Cynthia R. Davis and her codefendants in 1978, the garnishee moved, pursuant to General Statutes § 52-278k,[2] to vacate the previously ordered prejudgment remedies. When the trial court, *Landau, J.,* denied the motions to vacate, these appeals followed.

The trial court's denial of the garnishee's motions to vacate the previously ordered prejudgment reme-

---

[1] In one of the actions the codefendant was Ronald C. Norddy, in the other it was Dwight Pemberton. Neither of the codefendants appeared to contest the action. The judgments against them ordered weekly payments in the amount of $5.

[2] Section 52-278k reads, in relevant part, "MODIFICATION OF PREJUDGMENT REMEDY. The court . . . may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy heretofore granted upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy at an initial hearing thereunder."

dies was premised on its conclusion that there was ample probable cause initially to sustain the validity of the plaintiff's claims, as required by General Statutes § 52-278e. See *Kukanskis* v. *Griffith*, 180 Conn. 501, 503–504, 430 A.2d 21 (1980); *Fermont Division, Dynamics Corporation of America, Inc.* v. *Smith,* 178 Conn. 393, 395–96, 423 A.2d 80 (1979). Indeed, in light of the judgments by stipulation, it would be difficult now to contest probable cause, and the garnishee does not do so. Instead, the garnishee argues that the trial court should not have confined its consideration to the issue of probable cause but should have inquired into the merits of its claim that the attachment and garnishment were improper because the property held by the garnishee was not subject to legal claims against the defendant Cynthia R. Davis. The court refused to consider the garnishee's allegation that it holds the attached property as trustee under the terms of a will creating a spendthrift trust. Relying on *Clime* v. *Gregor,* 145 Conn. 74, 76–77, 138 A.2d 794 (1958), and on the language of § 52-278k that equates the standard for vacating a prejudgment remedy with that governing the propriety of its initial entry, the court held that the liability of the garnishee under the garnishment should be determined by proceedings other than a motion to vacate a prejudgment remedy. See, e.g., *Connecticut Bank & Trust Co.* v. *Hurlbutt,* 157 Conn. 315, 254 A.2d 460 (1968); General Statutes § 52-29; Practice Book, 1978, §§ 388–394.

Before we reach the substance of the conclusion of the trial court that its jurisdiction was limited by the provisions of § 52-278k, we must determine whether we presently have jurisdiction to hear these appeals. The plaintiff urges that the denial of a

garnishee's motion to vacate a prejudgment remedy is not a final judgment for the purposes of appeal. We agree.

The right to appeal is governed by General Statutes § 52-263; by Practice Book, 1978, § 3000; and, in the case of prejudgment remedies, by General Statutes § 52-278*l*. An order granting or denying a prejudgment remedy is a final judgment because it arises out of a separate and distinct proceeding that concludes the rights of the parties "so that further proceedings in the determination of the merits of the action alleged in the plaintiff's complaint cannot affect them . . . ." *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 630, 356 A.2d 893 (1975); *State* v. *Bell,* 179 Conn. 98, 425 A.2d 574 (1979); *State* v. *Roberson,* 165 Conn. 73, 82, 327 A.2d 556 (1973). The denial of a motion to vacate a prejudgment remedy, like the prejudgment denial of a motion for a new trial; *State* v. *Asherman,* 180 Conn. 141, 143, 429 A.2d 810 (1980); is not, however, a final judgment.

The denial of a motion to vacate under § 52-278k is, in and of itself, merely an interlocutory order. It does not finally alter or conclude the rights of the parties but merely leaves standing a garnishment order already previously effective. The statutory provision concerning appeal from orders granting or denying prejudgment remedies; General Statutes § 52-278*l*; deems certain orders, but not all such orders, final judgments for purposes of appeal. Section 52-278*l* (a) makes appealable "[a]n order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3)

granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g . . . ." An order granting or denying a motion to vacate under § 52-278k is not among the sections listed in § 52-278*l*. This omission is fully consistent with the policy, expressed in § 52-278*l* (b), requiring appeals to be taken within seven days of the rendering of the orders in question. The sections primarily governing prejudgment remedies; §§ 52-278d and 52-278e; equally emphasize expeditious determination of contested prejudgment remedy orders. Orders under these sections, which are made immediately appealable under § 52-278*l*, operate in a different time frame than do orders under § 52-278k. Section 52-278k permits a motion *"at any time* [to] modify or vacate any prejudgment remedy heretofore granted." (Emphasis added.) It is entirely appropriate to allow prompt appeal from promptly contested prejudgment orders but not to afford the same priority to the unsuccessful belated reopening of such claims.

In the absence of a final judgment, we cannot review the propriety of the trial court's interpretation of § 52-278k. It should be noted that neither the trial court nor this court has adjudicated, on the merits, the garnishee's allegation that the contested orders of attachment and garnishment are not binding upon it.

The appeal is dismissed.