MICHAEL J. GIBBS ET AL. *v.* I. ANTHONY MASE
(4699)

DUPONT, C. J., HULL and DALY, Js.

Submitted on briefs February 10—decision released May 29, 1987

*Daniel V. Presnick* filed a brief for the appellants (plaintiffs).

*Edward P. McCreery III* filed a brief for the appellee (defendant).

DUPONT, C. J. The plaintiffs, a husband and wife, appeal from the order of the trial court which reduced the sum of a prejudgment remedy of attachment of the defendant's property. This court previously decided that the appeal was untimely and therefore dismissed the appeal. *Gibbs* v. *Mase,* 10 Conn. App. 144, 523 A.2d 506 (1987). After reconsideration, we find that the untimely filing of the appeal was not a jurisdictional defect because of our Supreme Court's holding in *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 438 A.2d 772 (1980), and that the plaintiff's appeal was properly before this court.[1] This opinion, therefore, supersedes our previous opinion.

---

[1] Although we are bound to follow the precedent established by our Supreme Court in *Giordano Construction Co.* v. *Ross,* 182 Conn. 577, 438 A.2d 772 (1980), it is our opinion that it might be appropriate for the Supreme Court to reconsider the per curiam holding of that case. In *Giordano,* the court held that an "untimely filing of an appeal is merely an irregularity and not a jurisdictional defect." Id., 579. In reaching the conclusion that "[t]he fact that the appeal statute specifies a time period in which to take an appeal does not mean that an appeal taken beyond the specified time is void"; id.; the court cited as authority *LaReau* v. *Reincke,* 158 Conn. 486, 493, 264 A.2d 576 (1969). That case, however, involved an appeal brought beyond the twenty-day time period prescribed by our rules of practice. Time limitations set forth in our rules of practice are *not* legislatively created

The plaintiffs purchased a home which was built and sold by the defendant. After subsequently discovering defects in the home, the plaintiffs brought a five count complaint[2] against the defendant, claiming unworkmanlike construction, breach of warranty, and a breach

conditions precedent to the jurisdiction of this court. Id., 492. In our opinion, however, if a *statute,* such as General Statutes § 52-278*l*, establishes appellate jurisdiction and provides for an unambiguous and specific time period within which to bring an appeal, the existence and extent of such appellate jurisdiction should be strictly limited to that time period. See *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985); *LaReau* v. *Reincke,* supra, 492; *Johnson* v. *Carlson,* 4 Conn. L. Trib. No. 52, p. 14 (Appellate Session of the Superior Court at Hartford, No. 349) (1978). In our opinion, such requirement *cannot* be waived.

The granting or denial of a prejudgment remedy is an order issued prior to final judgment. Appeals from such orders presently exist under the statutory authority of General Statutes § 52-278*l*. Cf. *E. J. Hansen Elevator, Inc.,* v. *Stoll,* 167 Conn. 623, 630, 356 A.2d 893 (1975). That statute specifically provides that "[n]o such appeal shall be taken except within seven days of the rendering of the order from which the appeal is to be taken." Our legislature, while permitting appeals from such interlocutory orders, has clearly mandated that such appeals be brought within seven days of the rendering of the trial court's order. The nature of a prejudgment remedy warrants the *prompt* resolution by appellate process of disputes arising from the granting or denying of such a remedy. Section 52-278*l*, therefore, permits the *immediate* appeal from orders relating to a prejudgment remedy. *City National Bank* v. *Davis,* 181 Conn. 42, 46, 434 A.2d 310 (1980). To hold that an appeal brought beyond this particular statutory time limitation is not a jurisdictional defect is, in our opinion, to ignore and disregard a legislative directive. Because the right of appeal is purely statutory, it should be accorded *only* "if the conditions fixed by statute . . . are met." *DeTeves* v. *DeTeves,* 202 Conn. 292, 295, 520 A.2d 608 (1987), citing *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 293, 320 A.2d 797 (1973); see also *Viola* v. *Dial Tone Lounge, Inc.,* 4 Conn. L. Trib. No. 28, p. 9 (Appellate Session of the Superior Court at Hartford, No. 503) (1978). It is our view that the legislative mandate provided in § 52-278*l* should be followed.

[2] In the first count of his revised complaint, the plaintiff alleged negligence and unworkmanlike construction. In the second count of the complaint, the plaintiff alleged that the defendant breached an express warranty in violation of General Statutes § 47-117 (a) (1), and in the third and fourth counts, the plaintiff claimed that the defendant breached an implied warranty in violation of General Statutes § 47-118 (a) and (c). In the fifth count, the plaintiff alleged that the actions of the defendant constituted unfair or deceptive acts in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. On May 29, 1985, the plaintiff obtained an ex parte attachment of the defendant's property in the amount of $23,232, pursuant to General Statutes § 52-278e.[3]

On August 21, 1985, the defendant brought a motion to dissolve or modify the ex parte prejudgment attachment. A probable cause hearing was held on November 6, 1985, in which the parties introduced expert testimony as to damages. The trial court concluded that the plaintiffs did not establish that they would prevail on their CUTPA claim. Moreover, the trial court found that the reasonable cost of correction, with interest and costs, was $2500. The trial court therefore granted the defendant's motion, and reduced the amount of the attachment to the sum of $2500.[4]

The sole claim of error raised by the plaintiffs on appeal is that the trial court erred in holding that they did not establish probable cause that the defendant had violated the provisions of CUTPA.

I

Before we reach the substance of the plaintiff's claim, we must determine if the trial court's action was an appealable final judgment. *City National Bank* v. *Davis,* 181 Conn. 42, 44, 434 A.2d 310 (1980); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 390, 480 A.2d 561 (1984). Not all orders which grant or deny

---

[3] General Statutes § 52-278e provides in pertinent part: "(a) The court or a judge of the court may allow the prejudgment remedy to be issed by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim and (1) that the prejudgment remedy requested is for an attachment of real property . . . ."

[4] In reducing the amount of the attachment to $2500, the court found the reasonable cost of correction to be $1750, and thereafter added a reasonable allowance for interest and costs.

a motion to modify a prejudgment remedy are final judgments. A defendant may bring a motion for the modification of a prejudgment remedy pursuant to either of two statutes: General Statutes § 52-278e, or General Statutes § 52-278k.[5] Section 52-278e provides that a defendant "may move to dissolve or modify the prejudgment remedy . . . in which event the court shall proceed to hear and determine such motion expeditiously." An order modifying a prejudgment remedy pursuant to § 52-278e is an appealable final judgment. General Statutes § 52-278*l*. Section 52-278k, on the other hand, provides that "[t]he court may . . . upon motion and after hearing, at any time modify or vacate any prejudgment remedy heretofore granted upon the presentation of evidence . . . . " An order modifying a prejudgment remedy pursuant to a motion brought under § 52-278k is a nonappealable interlocutory order "because it is not within those orders listed as 'final judgment[s] for purposes of appeal' under General Statutes § 52-278*l* (a)." *Babiarz* v. *Hartford Special, Inc.*, supra, 390, citing *City National Bank* v. *Davis*, supra, 45–46.

In the present case, the trial court's order which reduced the amount of the attachment of the defendant's property was issued when it granted the defendant's motion. That motion, however, does not indicate which section the defendant relied upon.[6] In order to determine whether the trial court's action was an

[5] Although a *defendant* in an action is able to bring a motion for modification of a prejudgment remedy pursuant to either General Statutes §§ 52-278e or 52-278k, a *plaintiff* is able to bring such a motion only pursuant to § 52-278k, because § 52-278e "contemplates only a motion to modify filed by a defendant." *Barbiarz* v. *Hartford Special, Inc.*, 2 Conn. App. 388, 390 n.3, 480 A.2d 561 (1984), citing *Common Condominium Assns., Inc.* v. *Common Associates*, 192 Conn. 150, 152-53, 470 A.2d 699 (1984).

[6] The defendant's motion is entitled "Motion to Dissolve or Modify a Prejudgment Attachment Granted Without Hearing." The motion does not, however, indicate which section it was brought under.

appealable final judgment, therefore, we must first determine which section applies to the defendant's motion.

In *City National Bank* v. *Davis,* supra, 46, our Supreme Court distinguished the two sections by stating that orders under § 52-278e "operate in a different time frame than do orders under § 52-278k." Section 52-278k permits a motion for the modification of a prejudgment remedy to be brought *at any time.* Section 52-278e, on the other hand, does not contain any time period within which a defendant is directed to bring a motion to dissolve or modify the prejudgment remedy. The court noted that motions brought under § 52-278e should be "prompt" because "[i]t is entirely appropriate to allow prompt appeal from *promptly contested prejudgment orders* but not to afford the same priority to the unsuccessful belated reopening of such claims." Id. (Emphasis added.) The court did not provide, however, the test by which to determine a "promptly contested prejudgment order." In *City National Bank,* prejudgment remedies of attachment and garnishment were ordered after a probable cause hearing in 1976. The defendants moved, pursuant to General Statutes § 52-278k, to vacate the previously ordered prejudgment remedies two years later in 1978. The defendants thereafter appealed from the trial court's denial of their motion.

The defendant in the present case filed his motion to dissolve or modify the prejudgment order less than three months after the trial court's original prejudgment order. We find that this prejudgment order was promptly contested, and that the defendant's motion was brought pursuant to § 52-278e. The trial court's order which reduced the attachment, therefore, was an appealable final judgment, and the plaintiffs' claim is properly before this court.

## II

The plaintiffs' principal argument is that, by proving that the defendant had signed a contract in which he had made statements that certain work would be performed on his property which was subsequently not performed, they clearly established probable cause that the defendant had violated the provisions of CUTPA. That statute provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b. The plaintiffs claim that the trial court erred when it held that there was probable cause on the breach of contract counts of the complaint, but not on the CUTPA count of the complaint.

In deciding prejudgment remedy motions, the trial court "must evaluate the arguments and evidence produced by both parties." *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977). The trial court, however, need not make a full and final decision on the factually and legally complex issues as were raised by the plaintiffs' CUTPA claim, as the probable cause hearing "is not intended to be a full-scale trial on the merits." Id. Rather, the trial court, in ruling upon the defendant's motion, need only weigh the evidence presented and "determine probable success by weighing probabilities." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984). The trial court necessarily has broad discretion in reaching this determination, and is not to be overruled in the absence of clear error. Id.; *Augeri* v. *C. F. Wooding Co.,* supra.

Our role in reviewing the decision of the trial court is even more circumscribed than that of the trial court.

*Babiarz* v. *Hartford Special, Inc.,* supra, 393. As such, we are not to duplicate the trial court's weighing process. Instead, our review is limited to determining whether the trial court's conclusion was reasonable. Id. "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." *Augeri* v. *C. F. Wooding Co.,* supra.

Our Supreme Court has recognized that in determining whether a practice violates CUTPA, the trial court must determine: " ' "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." ' " *Sportsmen's Boating Corporation* v. *Hensley,* supra, 756, quoting *McLaughlin Ford, Inc.* v. *Ford Motor Co.,* 192 Conn. 558, 568, 473 A.2d 1185 (1984).

The fact that the trial court found that the plaintiffs had established probable cause that they would prevail on the breach of warranty counts of their complaint does not imply or necessitate an automatic finding by the trial court of a violation of CUTPA. The plaintiffs must also establish that the breach of warranty offended public policy, was immoral or unscrupulous, or had an injurious effect on the consumer. In its memorandum of decision, the trial court noted that after hearing the witnesses, it attributed very little weight

to the testimony of the plaintiffs' witnesses. The reasonable cost of correction resulting from the defendant's breach of warranty was assessed to be only $1750. The trial court could reasonably have concluded, therefore, that the defendant's breach of the contract was not offensive to public policy. We find, therefore, that the trial court's conclusion that the plaintiffs would not prevail in their CUTPA claim was reasonable.

There is no error.

In this opinion the other judges concurred.