THE WINTONBURY GROUP *v.* MAE ROANTREE
(13429)

Dupont, C. J., and Schaller and Spear, Js.

Argued March 13—decision released September 5, 1995

*Edward M. Rosenthal*, with whom, on the brief, was *Samuel B. Feldman*, for the appellant (defendant).

*Kent D. Mawhinney*, with whom, on the brief, was *John S. Pinney*, for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the order of the trial court granting the plaintiff a supplemental prejudgment remedy pursuant to General Statutes § 52-278a et seq. On appeal, the defendant claims that the trial court improperly found that No. 93-431 of the 1993 Public Acts (P.A. 93-431) did not apply retroactively to this case. We dismiss the appeal for lack of a final judgment.

As a preliminary matter, we must discuss the defendant's apparent noncompliance with Practice Book § 4059.[1] The appellant bears the responsibility of provid-

---

[1] Practice Book § 4059 (a) provides in pertinent part: "The court shall include in its decision its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the

ing this court with an adequate record for review. Practice Book § 4061; see also *Dime Savings Bank of Wallingford* v. *Cornaglia*, 33 Conn. App. 549, 554–55, 636 A.2d 1370, cert. granted, 229 Conn. 907, 640 A.2d 120 (1994); *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). The appellant has the responsibility of ensuring that the trial court has signed a copy of the transcript when the decision has been rendered orally. Practice Book § 4059. The trial court neither issued a written memorandum nor transcribed and signed its oral decision. "While we do not condone this deviation from the rules of practice, we may disregard certain procedural irregularities and treat the case as the parties have treated and presented it. We do so here." *Askinazi* v. *Askinazi*, 34 Conn. App. 328, 333 n.4, 641 A.2d 413 (1994); see also *Lambrakos* v. *Carson*, 174 Conn. 482, 485, 391 A.2d 142 (1978); *State* v. *Beauton*, 170 Conn. 234, 237, 365 A.2d 1105 (1976). "Review is appropriate in this case because we have been presented with the necessary factual findings on which to base a decision. Cf. *State* v. *Salerno*, 36 Conn. App. 161, 165–66, 649 A.2d 801 (1994), cert. granted, 232 Conn. 906, 653 A.2d 193 (1995)." *State* v. *Smith*, 38 Conn. App. 29, 38, 658 A.2d 156 (1995).

The facts necessary for the resolution of this appeal may be summarized as follows. On August 27, 1987, the defendant tenant, Mae Roantree, entered into a lease with the plaintiff landlord, The Wintonbury Group, for professional office space at 45 Wintonbury Avenue in Bloomfield. On August 13, 1993, the plaintiff commenced an action for unpaid rent for the months of June, July and August, 1993. The plaintiff applied for a prejudgment remedy in the amount of $75,000. On November 16, 1993, the trial court, *Holzberg, J.*, awarded the plaintiff a prejudgment attachment in the

decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office."

amount of $30,000. No appeal was taken from the granting of that prejudgment remedy.

Thereafter, in an application dated December 17, 1993, the plaintiff sought a supplemental prejudgment remedy for unpaid rent for the months of September and October, 1993. The plaintiff's application complied with the provisions of General Statutes § 52-278c as they existed at that time. Subsequently, § 52-278c was amended by P.A. 93-431, entitled "An Act Concerning Prejudgment Remedies,"[2] which was enacted on June 30, 1993, but was not effective until January 1, 1994. Public Act 93-431 requires that an application for a prejudgment remedy be accompanied by a notice and a claim form. The plaintiff's application for the supplemental prejudgment remedy did not contain the notice required by P.A. 93-431.

At the supplemental prejudgment remedy hearing on March 17, 1994, the defendant claimed that P.A. 93-431 was procedural in nature and should be applied retroactively. The defendant claimed that, because the plaintiff did not comply with the new notice provisions of P.A. 93-431, the claim for the supplemental prejudg-

---

[2] Public Act 93-431, § 1, provides in pertinent part: "(e) An application for a prejudgment remedy shall be accompanied by a notice and claim form, in such form as may be prescribed by the office of the chief court administrator, containing the following language: 'You have rights specified in the Connecticut General Statutes, including chapter 903a, that you may wish to exercise concerning this application for a prejudgment remedy. These rights include the right to a hearing: (1) To object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available to you; (2) to request that the plaintiff post a bond in accordance with section 52-278d of the General Statutes to secure you against any damages that may result from the prejudgment remedy; (3) to request that you be allowed to substitute a bond for the prejudgment remedy sought; and (4) to show that the property sought to be subjected to the prejudgment remedy is exempt from such a prejudgment remedy.' "

ment remedy should be denied. The trial court overruled the defendant's objection and awarded the plaintiff a supplemental prejudgment attachment in the amount of $20,000. No appeal was taken on the issue of probable cause with respect to the granting of the supplemental prejudgment remedy. Rather, the defendant appealed only the trial court's determination that P.A. 93-431 did not apply retroactively to the supplemental prejudgment application.

Although the trial court awarded the plaintiff an additional attachment of $20,000 based on an application that was entitled, "Supplemental Application for Prejudgment Remedy," we construe the application to be a motion to modify a prejudgment remedy pursuant to General Statutes § 52-278k.[3] In *Babiarz* v. *Hartford Special, Inc.*, 2 Conn. App. 388, 389 n.2, 480 A.2d 561 (1984), we held that § 52-278k is "the only section of the statutes providing for a motion to increase an attachment already in place." In this case, the trial court previously had awarded the plaintiff a prejudgment attachment in the amount of $30,000. The subsequent application filed by the plaintiff sought only to increase the amount of that attachment by an amount equal to two additional months of unpaid rent. The application was based on the same theory of law as the original application, and plainly did not constitute a new application for a prejudgment remedy. For those reasons, we consider the application to be a motion to modify the original prejudgment remedy under § 52-278k.[4]

We now determine whether the trial court's action on the application was an appealable final judgment.

---

[3] General Statutes § 52-278k provides in pertinent part: "The court may, *upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted . . . upon the presentation of evidence . . . .*"

[4] Since the plaintiff sought only to modify a prejudgment remedy pursuant to § 52-278k, P.A. 93-431 was inapplicable. Public Act 93-431 requires that notice accompany an application for a prejudgment remedy, but it does not

*City National Bank* v. *Davis*, 181 Conn. 42, 44, 434 A.2d 310 (1980); *Gibbs* v. *Mase*, 11 Conn. App. 289, 292, 526 A.2d 7 (1987). "An order modifying a prejudgment remedy pursuant to a motion brought under § 52-278k is a nonappealable interlocutory order because it is not within those orders listed as final judgment[s] for purposes of appeal under General Statutes § 52-278*l* (a). *Babiarz* v. *Hartford Special, Inc.*, supra, [2 Conn. App.] 390, citing *City National Bank* v. *Davis*, supra, 45–46."[5] (Internal quotation marks omitted.) *Gibbs* v. *Mase*, supra, 293. The defendant's appeal from the order granting the plaintiff's motion to increase the attachment, therefore, must be dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.

have any effect on an application seeking to modify an existing prejudgment remedy.

[5] General Statutes § 52-278*l* (a) makes appealable "[a]n order (1) granting or denying a prejudgment remedy following a hearing under section 52-278d or (2) granting or denying a motion to dissolve or modify a prejudgment remedy under section 52-278e or (3) granting or denying a motion to preserve an existing prejudgment remedy under section 52-278g . . . ."