[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S APPLICATION TO DISSOLVE PREJUDGMENT REMEDY
CT Page 5953
On December 22, 1997, a hearing was held in connection with plaintiff's application for a prejudgment remedy in this case. Following a full, contested hearing, at which Richard Moore testified for the plaintiff, the undersigned judge granted plaintiff's application for a prejudgment remedy in the amount sought. The ruling stated as follows:
 Plaintiff's request for a prejudgment remedy is granted in the amount of $38,207.27. The court notes that this is a preliminary determination, and does not substitute for a full trial on the merits. See Three S. Development Co.. v. Santore. 193 Conn. 174, 175 (1984) ("The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it . . . Probable cause is a flexible common cause standard . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiffs claim . . ."). A significant issue exists concerning the amount of appropriate damages.
Pursuant to a January 29, 1998, Application for Dissolution of Attachment, defendant now seeks an order dissolving or reducing the prejudgment remedy obtained. Defendant's application is governed by Connecticut General Statutes Section 52-278k, which states as follows:
 Sec. 52-278k. Modification of prejudgment remedy. The court may, upon any application for prejudgment remedy under section 52-278c, 52-278e, 52-278h or 52-278i, modify the prejudgment remedy requested as may be warranted by the circumstances. The court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing.
In essence, defendant alleges that Mr. Moore testified falsely concerning his presence at a certain meeting, this his testimony should consequently be disregarded in all respects, and that the attachment should be dissolved. CT Page 5954
Concerned that defendant had failed to make an adequate showing that a hearing was appropriate, and desiring input as to what such a showing might be, following oral argument held on March 16. 1998, I ordered the parties to submit written briefs. Defendant has submitted a April 10, 1998, Memorandum of Law addressing this issue. Plaintiff has submitted a supplemental memorandum dated April 24, 1998, elaborating upon and adding to arguments set out in a March 12, 1998, memorandum previously filed.
Having considered the briefs and the cases cited. I conclude that defendant has failed to make a sufficient showing to justify a second hearing in this matter. Defendant's request for a hearing is therefore denied.
Legal Discussion
There are few cases discussing the precise issue raised in this case. Perhaps the most detailed discussion of 52-278k is found in Gibbs v. Mase, 11 Conn. App. 289 (1987), where Chief Judge Dupont notes that while an order modifying a prejudgment remedy pursuant to Section 521-278e is an appealable final judgment, an order modifying a prejudgment remedy pursuant to Section 52-278k is a nonappealable interlocutory order. Section52-278k states that the court "may" upon motion and after a hearing vacate or modify any prejudgment remedy granted. The use of the word "may" indicates that the decision to do so lies within the court's sound discretion in light of all attendant facts and circumstances. Assuming the matter is fundamentally committed to the courts' discretion, it is noteworthy that neither the statute, nor the reported decisions cited by the parties, discuss what sort of a threshold showing a moving party must make to justify the holding of a second hearing after a prejudgment remedy has been ordered. The issue is significant where, as here, the application for dissolution may be viewed, in essence, to be a motion to reopen the hearing held on December 22, 1997, irrespective of how it is titled.
The need to preserve the resources of the parties, as well as judicial resources, militates in favor of requiring a moving party to demonstrate that there is good cause to reopen a hearing to permit additional evidence to be heard. So does the desirability of preventing parties from seeking unfair tactical advantage through time-consuming and costly piecemeal litigation and piecemeal attacks on the evidence presented or the CT Page 5955 credibility of the witnesses who have testified. Because the obtaining of a prejudgment remedy is merely a preliminary stage in a case, there is an important need to ensure that this stage be undertaken with a clear sense that prejudgment remedy proceedings will not devolve into episodic litigation or a full blown trial. Three S. Development Co. v. Santore, 193 Conn. 174,175 (1984). That would substantially undercut the limited thrust of our prejudgment remedy statutes and undermine their essential nature. It would also undercut according "a certain degree of finality" to these preliminary proceedings, to use Judge Levin's language from Lia v. Picelli, 15 CONN. L. RPTR. 122, Casebase No. 321837 (Superior Court, Levin, J., 1995).
To be sure, a court should be flexible in reaching any determination as to whether fairness requires a second hearing in connection with a motion to dissolve or reduce a prejudgment remedy granted after an adversary hearing has already been held and a ruling made. No simple mechanistic test can replace the careful exercise of judicial discretion in light of all present facts and circumstances. But given the above stated concerns, logic and common sense require that a party seeking to reopen a probable cause hearing should have to make a convincing showing that a hearing is necessary before requiring an adversary, and the court, to devote further time and resources to a matter which has already been heard and which if not settled, will again be litigated in a full trial setting.
Plaintiff argues, see pages 5-10 of its April 24, 1998 Supplemental Memorandum of Law, that a party seeking to reopen a prejudgment remedy hearing to present new evidence should first be required to satisfy the standards analogous to these governing entitlement to a new trial as set forth in Section 52-270. SeeBurr v. Lichtenheim, 190 Conn. 351, 355 (1983). The argument is not unpersuasive.
Considering all relevant factors. I conclude that in determining whether a second hearing is required, the court should at a minimum consider the following factors:
(1.) Whether the moving party can demonstrate clearly and convincingly that he or she intends to produce new evidence or new information; and
(2.) Whether the moving party can demonstrate clearly and convincingly that any such new evidence or new information could CT Page 5956 not reasonably have been presented at the initial hearing; and
(3.) Whether the moving party can demonstrate clearly and convincingly that if the new evidence or information is believed, there is a reasonable probability that the prejudgment remedy would be dissolved, or reduced, by the court.
If the moving party cannot clearly demonstrate all of the above to a court s satisfaction, then I conclude that, in most instances, absent unusual circumstances, a request for a hearing should not be granted.
Applying these factors to the instant case. I conclude that defendant has failed to persuade the Court that tile probable cause hearing should be reopened. Specifically, having reviewed the relevant transcript excerpt. I am not persuaded that Mr. Moore knowingly testified falsely when he denied being at a certain "tank fund" meeting. Moreover, even if it is assumed that Mr. Moore was inaccurate or incorrect in his testimony. I am not persuaded it would alter the result reached following the December 22, 1997 hearing. As I noted in my December 22, 1997 decision, the initial hearing made it clear that "A significant issue exists concerning the amount of appropriate damages,"
Summary and Conclusion
I conclude that defendant has failed to carry her burden of demonstrating that the probable cause hearing should be reopened given the facts and circumstances of this case. Consequently, defendant's request for a hearing is denied and defendant's application to dissolve is also denied, of course, defendant is free to raise any relevant claims she wishes to, and attack the credibility of Mr. Moore or any other witnesses, at trial, where the jury will ultimately decide the case.
Douglas S. Lavine Judge, Superior Court