[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff, Macrolease International Corp., filed a notice of application for prejudgment remedy dated June 25, 1999. On June 28, 1999, the defendant, Anton Nemeth, filed a claim for a hearing to contest the application, claiming a defense, counterclaim, set-off, or exemption. The affidavit accompanying the plaintiff's application asserts that Women's Total Fitness, Inc. of Norwalk entered into a lease agreement with Macrolease International Corp. d/b/a Cybex Leasing Services for certain equipment. The affidavit further avers that Women's Total Fitness, as lessee, has failed to make its scheduled lease payments on two separate lease agreements. The defendants, Anton Nemeth and Robyn Kelley, signed unconditional guarantees for the payment and performance of all of the lessees obligations under the contract. On June 28, 1999, the plaintiff filed the application based on the guarantees signed by both defendants. On February 14, 2000, Nemeth submitted a memorandum in opposition to the prejudgment remedy.
"The intention of the parties to a contract governs the determination of the parties' rights and obligations under the contract. . . . Analysis of the contract focuses on the intention of the parties as derived from CT Page 6936 the language employed." (Citations omitted.) Levine v. Advest, Inc.,244 Conn. 732, 745, 714 A.2d 649 (1998). "[P]arties to a contract generally are allowed to select the law that will govern their contract. . . ." Elgar v. Elgar, 238 Conn. 839, 850, 679 A.2d 937 (1996).[1] "The judicial rule of thumb, that in a choice of law situation the forum state will apply its own procedure; see Gibson v. Fullin, 172 Conn. 407, 411,374 A.2d 1061 (1977); brings [the court] to the vexing question of which rules are `procedural' and which `substantive.'" Paine Webber Jackson Curtis, Inc. v. Winters, 22 Conn. App. 640, 650, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990). "If a statute gives a right of action that did not exist at common law . . . the entire statute is considered substantive rather than procedural." (Citations omitted.)Roberts v. Caton, 224 Conn. 483, 489, 619 A.2d 844 (1993).
Nemeth argues that Connecticut's prejudgment remedy statute; General Statutes § 52-278a et seq.; is substantive and not procedural, and therefore, the plaintiff's application should be denied as a matter of law. In reply, the plaintiff does not disagree that a prejudgment remedy is a statutory scheme with no common law counterpart. Rather, the plaintiff argues that Connecticut's prejudgment remedy statute is procedural in nature because it governs only the timing of the remedy, not a party's right to bring an action.
The court believes the plaintiff's interpretation of General Statutes § 52-278a et seq. is incorrect. The statute gives, a litigant a new right, the right to bring an action at law to attach property to secure any potential judgment in the particular action at law. See General Statutes § 52-278a et seq. "An order granting or denying a prejudgment remedy is a final judgment because it arises out of a separate and distinct proceeding that concludes the rights of the parties so that further proceedings in the determination of the merits of the action alleged in the plaintiff's complaint cannot affect them . . ." (Citations omitted; internal quotation marks omitted.) City National Bankv. Davis, 181 Conn. 42, 45, 434 A.2d 310 (1980). The court concludes that the plaintiff may not seek a prejudgement remedy under Connecticut law because the choice of law clause in the guarantee agreements provides for the application of New York law and thus bars the application of Connecticut substantive law.[2]
Based on the foregoing, the plaintiff's application for a prejudgment remedy is denied.
SKOLNICK, J.