ALLSTATE INSURANCE COMPANY *v.*
JOHN CALTABIANO
(AC 22648)

Foti, Schaller and Peters, Js.

Argued September 19—officially released December 10, 2002

*Terence A. Zemetis*, with whom was *Jane G. Beddall*, for the appellant (plaintiff).

*Laurence V. Parnoff*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff, Allstate Insurance Company, appeals from the judgment of the trial court in favor of the defendant, John Caltabiano. The court denied the plaintiff's application to vacate, correct or modify an arbitration award in favor of the defendant and granted the defendant's motion to confirm the arbitration award. On appeal, the plaintiff claims, as a matter of law, that the court improperly denied its application because the arbitrators awarded uninsured motorist damages to the defendant insured in excess of the coverage limit stated in the policy that was issued by the plaintiff. We affirm the judgment of the trial court.

The following facts and procedural history underlie the plaintiff's appeal. The defendant purchased from the plaintiff an automobile insurance policy effective from February 5, 1989, to February 5, 1990. The policy included, inter alia, an uninsured motorist provision with a stated policy limit of $40,000.[1] The policy also included a provision binding the parties to submit uninsured motorist claim disputes to a panel of three arbitrators.[2]

---

[1] Included in the defendant's policy was a provision entitled "LIMIT OF INSURANCE," which states: "Regardless of the number of covered 'autos,' 'insureds,' premiums paid, claims made or vehicles involved in the 'accident,' the most we will pay for all damages resulting from any one 'accident' is the LIMIT OF INSURANCE for UNINSURED MOTORISTS COVERAGE shown in the Declarations."

[2] The relevant portion of the provision entitled "ARBITRATION" states: "If we and an 'insured' disagree whether the 'insured' is legally entitled to recover damages from the owner or driver of an 'uninsured motor vehicle' or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within

The record reflects that the defendant submitted a claim for uninsured motorist benefits after he was involved in a motor vehicle collision on January 20, 1990. He claimed that he sustained injuries as a result of the negligence of a driver of an uninsured motor vehicle and sought to collect, to the extent permitted under the uninsured motorist provision of his policy, the sums that he was legally entitled to recover as damages from the operator of the uninsured motor vehicle. The defendant and the plaintiff disagreed over the uninsured motorist coverage under the policy. The defendant claimed that the $40,000 policy limit stated on the policy's declaration page was inaccurate. The defendant claimed that he believed that he had, instead, purchased $300,000 in uninsured motorist coverage. The parties thereafter submitted their dispute to a panel of three arbitrators.

On June 7, 2000, the arbitration panel, with one arbitrator dissenting, awarded the defendant $225,000 in damages.[3] As a preliminary matter, the arbitrators found that (1) the defendant had sustained injuries as a result of the negligence of the driver of an uninsured motor vehicle and (2) the defendant sustained $225,000 in damages. The parties do not take issue with either of those findings. The arbitrators also found that the defendant believed that he had purchased $300,000 in coverage but did not check his policy to verify the amount stated therein. Likewise, the arbitrators found that the

30 days, either party may request that selection be made by a judge of a court having jurisdiction. Each party will pay expenses it [incurs] and bear the expenses of the third arbitrator equally."

[3] The third arbitrator from the panel that considered the submission filed a dissenting opinion in which he considered the issue of the amount of uninsured motorist coverage to which the defendant was entitled under the policy, but disagreed with the majority's finding that the defendant had demonstrated the existence of a "mutual mistake" between the parties. As a result, the dissenting arbitrator stated that he would have awarded the defendant the full amount permitted under the terms of the policy, $40,000.

plaintiff's agent failed to comply with the defendant's request to purchase $300,000 in coverage.[4] On the basis of those subordinate findings, the arbitrators concluded that an issue of "mutual mistake" as to the policy limit existed between the parties. The arbitrators observed that "the argument could be made that the question of *coverage* is inherent in the question of *damages*." (Emphasis added.) The arbitrators relied on General Statutes § 38a-336 (c),[5] in addition to the foregoing observation, in concluding that the submission before them reached the underlying coverage dispute rather than just the issue of the amount of damages to which the defendant was entitled under the policy. The arbitrators then determined the amount of coverage to be $300,000 and awarded the defendant $225,000.

The plaintiff thereafter filed in the Superior Court an application to vacate, correct or modify the arbitration award.[6] The plaintiff claimed, inter alia, that the arbitrators improperly (1) failed to limit their award to the

---

[4] The arbitrators found in relevant part as follows in that regard: "The [defendant] testified that at all times he thought he had $300,000 uninsured motorist coverage. The [plaintiff] introduced the application for coverage form, showing the uninsured motorist coverage stated thereon is $40,000. The [defendant] testified that the first time he learned about the $40,000 coverage was after the accident, when his lawyer . . . so advised him. The [defendant] had spoken to an Allstate agent, Joseph Pietrosante, who confirmed to him that the correct policy limits for uninsured motorist coverage was $300,000, that the stated amount on the policy declaration sheet was a mistake and that he would correct the same to reflect the $300,000 figure. The [plaintiff] introduced an affidavit from Mr. Pietrosante, not denying the conversation but stating that he does not recall having a conversation with [the defendant] regarding his uninsured motorist coverage from $40,000 to $300,000. The arbitrators accept the testimony of the [defendant] in this regard."

[5] General Statutes § 38a-336 (c) provides in relevant part: "Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. . . ." We note that this statute essentially is similar to General Statutes (Rev. to 1989) § 38-175c, which governs this dispute.

[6] See General Statutes §§ 52-418 and 52-419.

policy limit, (2) reformed the terms and conditions of the policy when such actions surpassed the scope of the submission before them, (3) reformed the limits of coverage under the policy in the absence of competent evidence and (4) considered issues of reformation of the policy when such a consideration exceeded their authority under the law.[7] The defendant thereafter filed a motion to confirm the arbitration award and to assess interest on the award.[8] The court held that the "dollar amount of the limit of liability for uninsured motorist coverage is a matter of coverage subject to compulsory arbitration by General Statutes (Rev. to 1989) § 38-175c." The court further held that § 38-175c, as well as precedent from our Supreme Court, strongly expressed the principle that "when 'coverage' is at issue in an uninsured motorist dispute, every presumption should be made in favor of having a final determination of coverage issues decided by the arbitrators." The court denied the plaintiff's application and granted the defendant's motion to confirm the award.

Before setting forth our standard of review, we first note that General Statutes (Rev. to 1989) § 38-175c, which applies to the contractual agreement between the parties, provides that "[e]very [automobile insurance] policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of [uninsured motorist] insurance coverage in such arbitration proceeding. . . ." As our Supreme Court has noted, "[c]learly, § 38-175c mandates not only the inclusion of a provision for uninsured motorist coverage in automobile liability insurance policies, but that coverage under such provi-

---

[7] In addition to seeking other relief, the plaintiff asked the court to order that the arbitrators' decision be vacated insofar as it found that it provided $300,000 in uninsured motorist coverage or that the decision also be corrected so as to limit the award to the policy limit of $40,000.

[8] See General Statutes § 52-417.

sions be determined through arbitration when the policy provides that the parties will arbitrate." *Oliva* v. *Aetna Casualty & Surety Co.*, 181 Conn. 37, 41, 434 A.2d 304 (1980); see also *Wilson* v. *Security Ins. Group*, 199 Conn. 618, 626, 509 A.2d 467 (1986) (characterizing § 38-175c as compulsory arbitration provision in that case).

The dispute between the parties in the present case, and the question resolved by the arbitrators, concerned the amount of coverage to which the defendant was entitled under the policy. The law governing the dispute concerns not the amount of damages that the defendant could recover from the tortfeasor, the operator of the uninsured vehicle, but the limitation on the defendant's ability to recover damages from the insurer, the plaintiff. Certainly, the issue of the amount of coverage to which a party is entitled under a contract of insurance requires us to determine the respective rights and obligations of the parties to a contract of insurance. As such, under the analysis set forth by our Supreme Court in *Quigley-Dodd* v. *General Accident Ins. Co. of America*, 256 Conn. 225, 239, 772 A.2d 577 (2001), the issue before us is not one of damages, but coverage.

Because the issue in this case is one of coverage and coverage issues are subject to compulsory arbitration under § 38-175c, we review the arbitrators' resolution of the issue de novo. "When an arbitration panel's interpretation and application of the law is at issue, an appellate court must conduct a de novo review. . . . Conversely, the appropriate standard of review of the factual findings of an arbitration panel is the substantial evidence test. . . . Pursuant to this test, the reviewing court must determine whether there is substantial evidence in the record to support the arbitrators' findings of basic fact and whether the conclusions drawn from those facts are reasonable." (Citations omitted; internal quotation marks omitted.) *Connecticut Ins. Guaranty*

*Assn.* v. *Zasun,* 52 Conn. App. 212, 223, 725 A.2d 406 (1999). "[R]eview of questions of law includes . . . inquiry into whether the arbitrators have exceeded their powers or imperfectly executed them." *Chmielewski* v. *Aetna Casualty & Surety Co.,* 218 Conn. 646, 664, 591 A.2d 101 (1991).

The issue in this case is narrow. We are called on to determine only whether the arbitrators were legally correct in concluding that the submission permitted them to award the defendant an amount of damages that exceeded the stated coverage limit on his policy.[9] "An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. . . . A challenge of the arbitrator's authority is limited to a comparison of the award to the submission. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous." (Citations omitted; internal quotation marks omitted.) *State* v. *AFSCME, AFL-CIO, Council 4, Local 2663,* 257 Conn. 80, 85–86, 777 A.2d 169 (2001).

"[T]he charter of an arbitrator is the submission and no matter outside the submission may be included in

---

[9] In its application to vacate, the plaintiff challenged the evidentiary basis of the arbitrators' finding that the defendant had purchased $300,000 in coverage. The court properly declined to review that factual issue because the parties failed to preserve a record of the proceedings that transpired before the arbitration panel. See *Chmielewski* v. *Aetna Casualty & Surety Co.,* supra, 218 Conn. 663. The plaintiff concedes in its principal brief that the lack of an evidentiary record of the proceedings before the arbitrators precludes review of such determinations.

the award. . . . It follows that an award must conform to the submission and is void to the extent to which it is outside the submission. . . . This is particularly so in the case of insurance coverage where risks are actuarily analyzed and premium charges reflect those risks. To layer on additional coverage outside of the contemplation of the parties at the time they entered into the contract would expose the insurer to liability for payments beyond the scope of the agreement." (Citations omitted; internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Lighty*, 3 Conn. App. 697, 700, 491 A.2d 1118 (1985). This case does not present a situation in which coverage has been added to a policy; the arbitrators premised their award on a finding that the written insurance policy did not accurately reflect the amount of uninsured motorist coverage purchased by the defendant.

The submission in this case consisted of the arbitration clause from the plaintiff's policy.[10] That policy language, read together with § 38-175c, clearly granted the arbitrators the power to resolve the issue of the "amount of damages" the defendant was legally entitled to under the policy. The arbitrators determined that amount to be $225,000.

The plaintiff has not demonstrated that the parties, by means of their submission, limited in any way the

[10] See footnote 2. The plaintiff argued, in its posttrial brief submitted to the trial court, that "[t]he scope of the arbitration was defined by the written contract between the parties." Further, the plaintiff submitted to the court the affidavit of Robert R. Petrucelli, an attorney and the neutral arbitrator on the arbitration panel in this case. Petrucelli averred that "[n]either party made any restriction: (1) on the powers or authority of the arbiters to decide all issues of law and fact; or (2) limiting the issues to be decided by the arbiters; or (3) limiting the basis on which issues were to be decided by the arbiters." The defendant also represented to the court that "[t]here were no written restrictions limiting: (a) the powers of the arbitrators, (b) the scope of the arbitration, (c) the scope of the submission to the arbitrators, nor (d) the issues submitted to the arbitrators for their determination."

arbitrators' ability to award damages in excess of $40,000. We find no such limitation in the policy. Section 38-175c does not impose such a limitation on an arbitrator's ability to award damages. Given the lack of any such limitation, the arbitrators were essentially free to resolve the issue of the "amount of damages" as long as their findings in that regard were supported by substantial evidence and their legal conclusions were accurate. The parties do not challenge those issues.

Our holding is bolstered by our Supreme Court's interpretation of § 38-175c. Our Supreme Court has stated that the legislative intent and effect of the statute "is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration." *Oliva* v. *Aetna Casualty & Surety Co.*, supra, 181 Conn. 42. In light of the legislative intent to have "all coverage issues" resolved by arbitration when a policy contains a provision for binding arbitration, and on the basis of the submission in this case, which contained no limit as to the damages amount the arbitrators were empowered to award the defendant, we have no basis on which to conclude that the arbitrators exceeded their powers when they awarded damages in excess of the stated policy limit.

The judgment is affirmed.

In this opinion the other judges concurred.