ROBERT STANLEY ENGLAND ET AL. *v.*
ARTHUR R. ENGLAND
(two cases)

BOGDANSKI, PETERS, HEALEY, ARMENTANO and SHEA, JS.

Argued February 6—decision released May 5, 1981

*Lawrence A. Fiano,* with whom was *Robert W. Gordon,* for the appellant (defendant).

*Robert B. Yules,* for the appellees (plaintiffs).

ARTHUR H. HEALEY, J.  This appeal arises out of a January 28, 1965 trust agreement between the defendant and his former wife in which the defendant agreed that upon receipt of an inheritance from his father, he would establish trust funds for the children of the marriage. The children of that marriage are the plaintiffs in this action.

The defendant's interest in the inheritance from his father vested on February 24, 1977. On September 9, 1977, the defendant, through his attorney, informed the plaintiffs that he did not intend to establish the trust funds as set forth in the trust agreement.  On October 23, 1977, the plaintiffs brought suit against the defendant, alleging breach of the trust agreement. Prior to service of the complaint, the plaintiffs applied to the Superior Court for an order of foreign attachment of the defendant's funds in the possession of the Connecticut Bank and Trust Company. After notice and hearing, the Superior Court, *Parskey, J.,* found probable cause to sustain the plaintiffs' claim and entered an order of prejudgment remedy on October 28, 1977, authorizing garnishment of the defendant's funds.

On November 13, 1978, the Superior Court, *Cohen, J.*, granted the defendant's motion to strike the complaint on the ground that the prayer for relief was improper because a promise to transfer an expectancy was cognizable only in equity. The plaintiffs filed a substituted complaint on November 22, 1978, amending the prayer for relief.[1] The amended prayer for relief requested (1) "An order requiring the defendant to set up said trust . . ." and (2) "Such other equitable and legal relief as is necessary and proper."

The defendant then filed a motion to dissolve attachment, which, after a hearing, was denied by the trial court *N. O'Neill, J.*, on January 8, 1979. The plaintiffs subsequently applied for a second prejudgment remedy on February 12, 1980, when a defect was discovered in the writ issued on the original order. After notice and hearing, the Superior Court, *Hendel, J.*, granted the plaintiffs' application for a prejudgment remedy of foreign attachment on March 10, 1980. Pursuant to General Statutes § 52-278*l*(a), the defendant has appealed from the trial court's order granting this second prejudgment remedy.

The defendant's first claim is that the process of foreign attachment (garnishment) is only available in actions at law where the relief sought is money damages and that the substituted complaint filed by the plaintiffs did not request such relief. In connection with this claim, he also argues that the stat-

---

[1] The substituted complaint was timely filed. Practice Book § 157 provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . ."

ute authorizing foreign attachment excludes those actions in which the plaintiffs seek equitable relief in the nature of specific performance, as in this case.

We disagree with the defendant's claim that the substituted complaint did not seek "a judgment or decree for the *payment of money* . . ." under our foreign attachment statute, i.e., General Statutes § 52-329.[2] (Emphasis added.) This statute provides that the process of foreign attachment is available "in *any civil action* in which a *judgment or decree* for the payment of money may be rendered." (Emphasis added.) That prejudgment remedies are available in both legal and equitable proceedings is clearly demonstrated by General Statutes § 52-278b, which refers to the availability of such remedies "in any action at law or equity." We hold that the relief sought in this case provides a sufficient basis for the award of a judgment or decree for the payment of money.

---

[2] General Statutes § 52-329 provides: "When the effects of the defendant in any civil action in which a judgment or decree for the payment of money may be rendered are concealed in the hands of his agent or trustee so that they cannot be found or attached, or when a debt is due from any person to such defendant, or when any debt, legacy or distributive share is or may become due to such defendant from the estate of any deceased person or insolvent debtor, the plaintiff may insert in his writ, subject to the provisions of sections 52-278a to 52-278g, inclusive, a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint, at least twelve days before the return day, with such agent, trustee or debtor of the defendant, or, as the case may be, with the executor, administrator or trustee of such estate, or at the usual place of abode of such garnishee; and from the time of leaving such copy all the effects of the defendant in the hands of any such garnishee, and any debt due from any such garnishee to the defendant, and any debt, legacy or distributive share, due or that may become due to him from such executor, administrator or trustee in insolvency, not exempt from execution, shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover."

The defendant also claims that when the plaintiffs bring an action seeking money damages, obtain a prejudgment remedy authorizing a foreign attachment, and later amend their complaint solely by deleting their claim for money damages and substituting a prayer for equitable relief in the nature of specific performance, he then is entitled to a new hearing as to the validity of the prejudgment remedy of the foreign attachment originally ordered by the court. We disagree.[3]

Prejudgment remedies are available "to a person in any action *at law or equity* . . ." who "has complied with the provisions of sections 52-278a to 52-278g, inclusive . . . ." (Emphasis added.) General Statutes § 52-278b. The statutes give the defendant the right to appear and be heard on the plaintiffs' application for a prejudgment remedy. General Statutes § 52-278d(a)[4] prescribes that that hearing "shall be limited to a determination of whether or not there is probable cause to sustain . . . the plaintiff's claim." The court, *N. O'Neill, J.,* ruled that inasmuch as the plaintiffs' amendment was solely to their prayer for relief and did not change the cause of action, and as a hearing had already been held on the facts of the plaintiffs'

---

[3] We reach this issue even though a hearing was held on the second application because the court, *Hendel, J.,* granted the application on the basis of the court's, *N. O'Neill, J.,* earlier ruling.

[4] General Statutes § 52-278d (a) provides: "The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court unless the prejudgment remedy or application for such prejudgment was dismissed or withdrawn pursuant to the provisions of section 52-278j."

claim, the defendant was not entitled to a new hearing on probable cause. We agree. No new hearing on probable cause is required as the amendment in this case altered only the prayer for relief and "clearly did not change the factual bases or series of transactions upon which the complaint was based." See *Baker* v. *Baker,* 166 Conn. 476, 486, 352 A.2d 277 (1974). Moreover, the defendant has demonstrated no prejudice to himself arising out of the denial of a second hearing on probable cause.

There is no error.

In this opinion the other judges concurred.