### WILLIAM M. RAVEIS & ASSOCIATES, INC. *v.*
### JUNE M. KIMBALL ET AL.

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued January 7—decision released February 23, 1982

*Hanon W. Russell,* for the appellants (defendants).

*Stanton H. Lesser,* with whom, on the brief, was *Robert K. Lesser,* for the appellee (plaintiff).

PETERS, J. This is an appeal from an order granting a prejudgment remedy to the plaintiff William M. Raveis & Associates, Inc. against the defendants June M. Kimball, James G. Kimball and The Kimball Group, Inc. The defendants' appeal attacks the trial court's conclusion that there was probable cause to sustain the order garnisheeing debts owed

to the defendants by the named garnishees, John R. McGrail, Carole B. McGrail, Charles T. Sturgess, Sturgess & Company, Inc., and Tidelands Associates.

The plaintiff's complaint charged that the defendants had tortiously and in breach of their fiduciary obligations interfered with the plaintiff's contractual relationship with Tidelands Associates, a partnership developing a condominium project in Branford. In its affidavit in support of its request for a prejudgment remedy pursuant to General Statutes § 52-278c[1] and in documents and testimony presented at the probable cause hearing held pursuant to General Statutes § 52-278d,[2] the plaintiff

[1] General Statutes § 52-278c provides, in relevant part: "DOCUMENTS REQUIRED. FORMS. HEARING. TEMPORARY RESTRAINING ORDER. ENTRY FEE. SERVICE ON DEFENDANT. A. Except as provided in sections 52-278e and 52-278f, any person desiring to secure a prejudgment remedy shall attach his proposed unsigned writ, summons and complaint to the following documents:

"(a) An application, directed to the court to which such action is made returnable, for the prejudgment remedy requested;

"(b) An affidavit sworn to by the plaintiff or some competent affiant setting forth a statement of facts sufficient to show that there is probable cause that judgment will be rendered in the matter in favor of the plaintiff;

"(c) A form of order that a hearing be held before the court or a judge thereof to determine whether or not the prejudgment remedy requested should be granted and that notice of such hearing be given to the defendant;

"(d) A form of summons directed to a proper officer commanding him to serve upon the defendant at least four days prior to the date of the hearing, pursuant to the law pertaining to the manner of service of civil process, the application, a true and attested copy of the writ, summons and complaint, such affidavit and the order and notice of hearing . . . ."

[2] "[General Statutes] Sec. 52-278d. HEARING ON PREJUDGMENT REMEDY APPLICATION. DETERMINATION BY THE COURT. SERVICE OF PROCESS. (a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts

presented evidence in support of the following facts. The defendants James G. Kimball and June M. Kimball were employees of the plaintiff agency during the formative stages of the Tidelands condominium project. A marketing proposal for Tidelands was prepared by the plaintiff in the fall of 1979. In March 1980, a public offering statement was prepared by the owners of the Tidelands condominium property. That public offering statement contained a letter to the Tidelands tenants, on the plaintiff's stationery, advising them of the owners' intent to create a condominium conversion in accordance with General Statutes § 47-88b, and of the availability of James and June Kimball to discuss the tenants' options. All through the late fall and the early spring, John R. McGrail, who ultimately took over the condominium conversion from Charles T. Sturgess, dealt with the Kimballs as agents for the plaintiff.

before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court unless the prejudgment remedy or application for such prejudgment was dismissed or withdrawn pursuant to the provisions of section 52-278j.

"(b) The clerk, upon the granting of the application for prejudgment remedy, shall deliver to the applicant's attorney the proposed writ, summons and complaint for service of process. If the court does not grant the application for any reason, including the failure of the plaintiff to serve the defendant, only a summons and complaint may be issued and served. In either event, the plaintiff may alter the return date of the writ, summons and complaint or the summons and complaint, as the case may be. No additional entry fee shall be collected upon the return of such action to court unless the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.

"(c) If a prejudgment remedy is issued and the defendant moves the court for a stay, the court may, if it determines justice so requires, stay such order if the defendant posts a bond, with surety, in a sum determined by such judge to be sufficient to indemnify the adverse party for any damage which may accrue as a result of such stay."

James and June Kimball terminated their relationship with the plaintiff on or about April 8, 1980. On April 11, 1980, they formed the defendant corporation, The Kimball Group, Inc., of which they are the sole shareholders. On April 14, 1980, they transferred their real estate licenses to that corporation. On the same day, James Kimball, acting as agent for The Kimball Group, Inc., procured a listing agreement for the condominium project from Tidelands Associates. As late as April 8, 1980, June Kimball had briefed a group of the plaintiff's other employees about the selling prospects for the Tidelands conversion.

On this showing, the trial court concluded that there was probable validity to the plaintiff's claim and granted its application for a prejudgment remedy. The defendants have raised four claims of error. They argue that (1) there was insufficient probable cause for any prejudgment order; (2) there was insufficient probable cause against the corporate defendant, The Kimball Group, Inc.; (3) the garnishment order improperly included future real estate commissions; and (4) there was insufficient evidence to support the amount of the garnishment order.

We can usefully consider the first two claims of error together, because each questions the sufficiency of the evidence offered to support the prejudgment remedy. As the parties concede, the standard by which this evidence is to be tested is not the same as that which governs a trial on the merits. In order to obtain a prejudgment remedy, an applicant need only show the probable validity of his cause of action. General Statutes § 52-278d (a); *Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 428, 378 A.2d

538 (1977); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation,* 172 Conn. 577, 583, 376 A.2d 60 (1977). The trial court, at the hearing on an application for a prejudgment remedy, must weigh the plaintiff's affidavit and the oral testimony and the documentary proof submitted by both parties. As we held in *Augeri* (p. 429) "[i]n reaching its determination of probable success on the merits it is essentially weighing probabilities, and in this it must have a broad discretion. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses."

Applying that standard to this case, we cannot find clear error in the conclusion that there was probable validity to the claim that the defendants had wrongfully interfered with a contractual relationship between the plaintiff and the owners of Tidelands. Until April 1980, the individual defendants clearly had been pursuing this project as the plaintiff's agents. Almost immediately upon terminating their relationship with the plaintiff, the defendants procured for their own newly formed corporation the listing agreement which the plaintiff had been expecting to obtain. The prior contractual relationship between the plaintiff and the owners of Tidelands was demonstrated by the evidence concerning the Tidelands marketing proposal and its public offering statement. The defendant corporation in whose behalf the sought-after listing contract was procured by James Kimball as agent cannot avoid imputation to it of his undisputed knowledge of all the prior proceedings. *West Haven* v. *United States Fidelity & Guaranty Co.,* 174

Conn. 392, 395, 389 .A.2d 741 (1978); *Reardon* v. *Mutual Life Ins. Co.,* 138 Conn. 510, 516, 86 A.2d 570 (1952).

The defendants' third claim of error challenges the order of garnishment on an entirely different ground. The defendants claim that the order issued by the trial court allows the plaintiff to reach debts not yet due and owing, namely the real estate commissions to be paid at some future time under the challenged listing contract. Such future debts, the defendants argue, are beyond the reach of garnishment. Since the plaintiff introduced no evidence of any other indebtedness of the garnishees to the defendants, there were no garnishable debts and the garnishment order was, according to the defendants, improper.

A hearing on a prejudgment remedy application under § 52-278d is not the occasion to test the plaintiff's rights against the garnishees. The order by the trial court garnisheed whatever debts were due the defendants from the garnishees as of the date of the garnishment. General Statutes § 52-329;[3] *Dorr-*

---

[3] "[General Statutes] Sec. 52-329. PROCESS OF ·FOREIGN ATTACHMENT. When the effects of the defendant in any civil action in which a judgment or decree for the payment of money may be rendered are concealed in the hands of his agent or trustee so that they cannot be found or attached, or when a debt is due from any person to such defendant, or when any debt, legacy or distributive share is or may become due to such defendant from the estate of any deceased person or insolvent debtor, the plaintiff may insert in his writ, subject to the provisions of sections 52-278a to 52-278g, inclusive, a direction to the officer to leave a true and attested copy thereof and of the accompanying complaint, at least twelve days before the return day, with such agent, trustee or debtor of the defendant, or, as the case may be, with the executor, administrator or trustee of such estate, or at the usual place of abode of such garnishee; and from the time of leaving such copy all the effects of the defendant in the hands of any such garnishee, and any debt due from any such garnishee to the defendant, and any debt, legacy or distributive share, due or that

*Oliver* v. *Willett Associates,* 153 Conn. 588, 595, 219 A.2d 718 (1966). The extent of that seizure, the determination of what debts, if any, were then owed to the defendants, must await either a scire facias hearing under General Statutes § 52-381;[4] *Clime* v.

may become due to him from such executor, administrator or trustee in insolvency, not exempt from execution, shall be secured in the hands of such garnishee to pay such judgment as the plaintiff may recover."

[4] "[General Statutes] Sec. 52-381. LIABILITY OF GARNISHEE; SCIRE FACIAS. If judgment is rendered in favor of the plaintiff in any action by foreign attachment, all the effects in the hands of the garnishee at the time of the attachment, or debts then due from him to the defendant, and any debt, legacy or distributive share, due or to become due the defendant from any garnishee as an executor, administrator or trustee, shall be liable for the payment of such judgment. The plaintiff, on praying out an execution, may direct the officer serving the same to make demand of such garnishee for the effects of the defendant in his hands, and for the payment of any debt due the defendant, and such garnishee shall pay such debt or produce such effects, to be taken and applied on such execution. If he has in any manner disposed of the effects of the principal in his hands when the copy of the writ was left with him, or does not expose and subject them to be taken on the execution, or does not pay to the officer when demanded the debt due the defendant at the time the copy of the writ was left with him, such garnishee shall be liable to satisfy such judgment out of his own estate, as his proper debt, if the effects or debt is of sufficient value or amount; if not, then to the value of such effects or to the amount of such debt. A scire facias may be taken out from the clerk of the court where the judgment was rendered, to be served upon such garnishee, requiring him to appear before such court and show cause, if any, to the contrary; and the plaintiff may require the defendant, and the defendant shall have the right, to disclose on oath whether he has any of the effects of the debtor in his hands, or is indebted to him; and the parties may introduce any other proper testimony respecting such facts. If it is found that the defendant has the effects of such debtor in his hands or is indebted to him, or if he makes default of appearance or refuses to disclose on oath, judgment shall be rendered against him, as for his own debt, to be paid out of his own estate with costs; but, if it appears on the trial that the effects are of less value or the debt of less amount than the judgment recovered against the debtor, judgment shall be rendered to the value of the goods or to the amount of the debt; and, if it appears that the defendant has no effects of such debtor in his hands or is not indebted to him, he shall recover costs."

*Gregor,* 145 Conn. 74, 76–77, 138 A.2d 794 (1958); or a declaratory judgment under General Statutes § 52-235a. Practice Book § 394.[5] The hearing authorized by § 52-278d is expressly "limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." The "claim" to which the section refers is the plaintiff's claim against the defendants, not the plaintiff's claim against the garnishees. Any other interpretation of the section would be inconsistent with the Prejudgment Remedies Act's repeated insistence upon expeditious resolution of contested prejudgment remedy orders. See General Statutes §§ 52-278d, 52-278e, 52-278*l* (b); *City National Bank* v. *Davis,* 181 Conn. 42, 46, 434 A.2d 310 (1980).

The defendants' fourth and final claim of error asserts that the trial court had insufficient evidence before it to warrant its entry of a prejudgment remedy in the amount of $60,000. The plaintiff's application for a prejudgment remedy and the affidavit attached thereto claimed a loss of real estate commissions in the sum of $125,000. Without formal explanation, the trial court reduced this sum to $60,000, presumably because at the hearing William Raveis himself conceded that the plaintiff would have had to share its commissions with the Kimballs as procuring agents even if the plaintiff had received the disputed listing contract. The

---

[5] "[General Statutes] Sec. 52-235a. DECLARATORY JUDGMENT TO DETERMINE ORDERS OF PRIORITIES. In any action in which order of priorities could be determined under scire facias proceedings, such orders of priorities may be determined by declaratory judgment proceedings."

"[Practice Book] Sec. 394. ——ORDER OF PRIORITIES. In any action in which order of priorities could be determined under scire facias proceedings, such order of priorities may be determined by declaratory judgment proceedings. (See Gen. Stat., § 52-235a.)"

defendants now argue that other expenses of servicing the listing contract would necessarily have further reduced the amount that the plaintiff could have expected to earn from the Tidelands project. Unlike the evidence in *Essex Group* v. *Ducci Electric Co., Inc.,* 181 Conn. 524, 525–26, 436 A.2d 16 (1980), the evidence adduced at the hearing in this case was not so clear, either in kind or in amount, as to require us to find an abuse of discretion in the trial court's order of garnishment in the amount of $60,000.

There is no error.

In this opinion the other judges concurred.