[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff has requested a prejudgment remedy to attach real property of the defendant in the amount of $65,000, pursuant to sections 52-278c and 52-278d C.G.S. The basis of the underlying action is two notes signed by the defendant dated April 14, 1989 to Northeastern Green Limited Partnership. The affidavit attached to the application for prejudgment remedy (P.J.R.) recites that the two notes had been assigned to the plaintiff. One of the notes is for the principal sum of $40,000, entitled "Negotiable Note". It is undisputed that a $10,000 principal payment and a $4,000 CT Page 3289 interest payment due April 1, 1990 has not been paid on that note. The note provides for interest at the rate of 10% per year, and states that default in the payment of interest or principal for a period of ten days after it becomes due and payable makes the whole note with interest at the rate of 18% per year immediately due and payable at the option of the holder without necessity for demand and notice. The other note, also to Northeastern Green Limited Partnership, is entitled "Non-Negotiable Investor Note" and refers to interest on the principal sum as defined in the Negotiable Note at a rate equal to the difference between the interest rate on that Note, namely 10% per year, and the prime rate plus 2 1/2%. The defendant also signed an estoppel letter dated April 14, 1989 which refers to the negotiable investor note in the amount of $40,000.
The defendant claims that he signed both notes in order to participate as a limited partner as a result of misrepresentations made to him by one of the general partners. The defendant also claims that the plaintiff cannot bring an action based on the non-negotiable investor note.
The party requesting a PJR must show that there is probable cause to sustain the validity of the claim, namely a bona fide belief in the existence of facts which would warrant a reasonable person to make the claim. Three S. Development Co. v. Santore, 193 Conn. 174, 175. Proof of probable cause is not as demanding as proof by a preponderance of the evidence. Ledgebrook Condominiums Ass'n. Inc. v. Lusk Corporation, 172 Conn. 577, 583. The court has to determine probable success by weighing probabilities. Three S. Development Co. v. Santore, supra, 176. Affidavits and evidence presented by both sides must be considered. William F. Ravies Associates Inc. v. Kimball, 186 Conn. 329,333. An uncontradicted statement in an affidavit is ordinarily sufficient to support probable cause for a PJR, provided such belief is founded upon reasonable subordinate facts. McCahill v. Town Country Associates, Ltd., 185 Conn. 37,39. At a PJR hearing the defendant may present a valid defense to defeat a PJR by showing that as a result of the defense, that there is no probable cause that the plaintiff will recover a judgment. Augeri v. C. F. Wooding Co.,173 Conn. 426, 429; Babiarz v. Hartford Special, Inc., 2 Conn. App. 388,393. While a clear, factually and legally simple defense may defeat a PJR, Augeri v. C. F. Wooding Co., supra, 429, the trial court is not supposed to make a full and final decision on factually and legally complex issues at a PJR hearing. Babiarz v. Hartford Special, Inc., supra, 393. The fraudulent inducement claim of the defendant cannot be resolved at this time. On the other hand, the defendant CT Page 3290 appears to have a good defense that since one of the notes was non-negotiable that the plaintiff as assignee does not have the right to recover on it, and that any action to recover on the note must be brought by Northeastern Green Limited Partnership.
The plaintiff has shown probable cause for an action on the negotiable note in the amount of $40,000 plus interest. A PJR is granted in the amount of $50,000.
ROBERT A. FULLER, JUDGE