[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the plaintiffs' objection to the defendants' application for a prejudgment attachment of property. The issue is whether an applicant who has failed to establish probable cause at one hearing as to a request for a prejudgment remedy can have a second opportunity to demonstrate probable cause. Under the circumstances presented, the court answers that question in the negative.
The plaintiffs ("the builders"), who operate a construction business, seek money damages claimed to be due for construction of CT Page 352 an addition to the home of the defendants ("the homeowners"). The homeowners have filed a counterclaim alleging negligence and defective workmanship in the construction of the addition. In aid of their counterclaim, the homeowners seek to attach the property of the builders.
The homeowners have conceded that their application for an attachment concerns the same claim at issue in a prior action brought by them against the builders, John Roberts, et al v. James A. Dennis, et al, CV 90-0298972S. In that prior suit, the homeowners sought a prejudgment attachment of the builders' property. A hearing was conducted, and the undersigned denied the application because the applicant had not established any particular amount of probable damages. The homeowners had also presented an application for prejudgment remedy in the same case, Docket No. 298972, as to the same issue on a prior occasion but had withdrawn the application in mid-hearing after the court, Mulvey, J., ruled that their witness as to damages could not testify because he lacked expertise.
The builders claim that the denial of the prior application for a prejudgment remedy arising from the same transaction is res judicata and bars a renewed attempt to seek such a remedy as to the same issue between the same parties.
Though the granting or denial of a prejudgment remedy is, pursuant to 52-2781 C.G.S., a final judgment for purposes of appeal, the proceeding itself was interlocutory and, unlike a judgment, did not result in a final determination as to the merits of the homeowners' counterclaim.
The Connecticut Supreme Court has ruled, however, that the doctrine of res judicata, or the related doctrines of collateral estoppel and issue preclusion, operate to bar relitigation of issues which a litigant has already litigated or had an opportunity to litigate in a prior proceeding, and that such preclusion is not limited to situations producing a judgment. See State v. Ellis, 197 Conn. 436, 464-5 (1985).
In State v. Wilson, 180 Conn. 481 (1980), criminal defendants who were being tried for a second time sought a suppression hearing to contest the legality of a search that had yielded incriminating evidence that the state sought to introduce at the second trial. A suppression hearing as to the same search had been conducted in connection with the first trial, and the Supreme Court therefore found, at 487, that "[i]t would be a violation of the fundamental principles and purposes of collateral estoppel for this court to reexamine the identical factual situation to redetermine a matter of law that has already once been fully litigated by the same parties and finally decided." CT Page 353
In the case of In re Juvenile Appeal (83-DE), 190 Conn. 310
(1983), the ruling of the Supreme Court permitting inquiry into a time period that had been subjected to inquiry in a prior termination hearing can best be understood as a ruling on the admissibility of evidence in subsequent proceedings that arose under a continuing duty to protect children under evolving circumstances, and not as a determination that the same grounds as to the same time period can be relitigated. Id., 319.
A party whose property had been attached and who had unsuccessfully moved to dissolve the attachment was held not to be entitled to a second hearing on dissolution of the attachment after the plaintiffs amended their complaint to state a new prayer for relief in England v. England, 184 Conn. 85 (1981). Though the Supreme Court did not analyze the reasons for its holding, tacit in the decision is a disapproval of relitigation.
Res judicata and issue preclusion have the underlying purpose of promoting finality and avoiding expense to the opponent and waste of judicial resources from the relitigation of issues as to which a party has already been afforded a full opportunity to be heard. While the Supreme Court has cautioned that the "doctrines of preclusion . . . should be flexible and must give way when their mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal controversies," In re Juvenile Appeal (83-DE), supra, at 318; State v. Ellis, supra, at 466, the homeowners in the instant case had, in not one but two hearings, a full opportunity to present evidence as to the probable extent of their claimed damages. On two occasions they failed to provide adequate evidence. Such a circumstance does not present any issue of policy that can fairly be held to outweigh the goals of judicial economy and prevention of infliction of undue expense and inconvenience to the party opponent from the repeated litigation of the same issue.
The plaintiffs' objection to the defendant's application for a prejudgment attachment is sustained.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT