[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISSOLVE AND/OR MODIFY PREJUDGMENT GARNISHMENT
The plaintiff, Burritt Interfinancial Bancorporation, filed this foreclosure action against the defendant, Genvest, a general partnership, and its fourteen general partners. The defendant, Joseph Wihbey, is one of the general partners of Genvest, and a guarantor of a note evidencing a loan of $2,100,000.00 from the plaintiff to Genvest that was secured by a mortgage on commercial property in Waterbury, Connecticut. On May 19, 1991, the parties stipulated to a judgment of strict foreclosure. According to the stipulation, the plaintiff received title to the property and the defendants retained the right to raise special defenses and counterclaims at a subsequent hearing for a deficiency judgment.
On May 30, 1991, the plaintiff filed an application for a prejudgment remedy on the claim for a deficiency judgment. On CT Page 11071 December 23, 1991, after a three day hearing, the court, Blue, J., found probable cause that the plaintiff would prevail on the claim for a deficiency judgment and therefore, ordered Wihbey to disclose assets sufficient to satisfy a judgment in the amount of $550,000.00. Wihbey filed a disclosure of assets dated February 24, 1992, in which he disclosed that he "has an individual retirement account at Merrill Lynch Trust Co., 500 Atrium Drive, Somerset, New Jersey, which is designated account number 887-74006."
On February 27, 1992, after Wihbey disclosed his assets, the court, Blue, J., ordered the garnishment of Wihbey's disclosed assets, including the $526,000.00 rollover individual retirement account ("IRA") held by Merrill Lynch Trust Company. The plaintiff served a writ of garnishment for the IRA on Merrill, Lynch, Pierce, Fenner Smith, of Southbury, Connecticut.
On September 10, 1993, Wihbey filed a motion to dissolve and/or modify the garnishment of the IRA. In an accompanying memorandum of law, Wihbey claims that the court does not have jurisdiction to garnish the IRA held by Merrill Lynch Trust Company, which is located in New Jersey, that the writ of garnishment was not properly served, that the IRA is exempt from a garnishment proceeding, that the funds were held in trust by Wihbey and do not belong to him individually, and that the purpose of a prejudgment remedy will not be served by garnishing the IRA, as the plaintiff will not be able to execute on the IRA, even if it obtains a judgment. The plaintiff filed an opposing memorandum of law with exhibits, dated November 19, 1993, in which it claims that there is no statutory remedy available to the defendant that would permit the garnishment to be dissolved.
 Under our law of garnishment as it existed until the 1983 enactment of the Postjudgment Remedies Act, General Statutes 52-350a et seq., the customary procedure for adjudication of a disputed garnishment was either a writ of scire facias under General Statutes 52-381[1] . . . or an action for a declaratory judgment under General Statutes 52-235a.[2] Practice book 394. In William M. Raveis Associates, Inc. v. Kimball, 186 Conn. 329, 336, 441 A.2d 200 (1982), we held that a garnishee cannot challenge the validity of a prejudgment remedy except CT Page 11072 by recourse to these plenary statutory procedures. Under the new act [General Statutes 52-356c[3]], disputes about the validity of a garnishment may be adjudicated in a hearing in supplemental proceedings that are ancillary to the underlying action.
Hospital of St. Raphael v. New Haven Savings Bank, 205 Conn. 604,607 n. 3, 534 A.2d 1189 (1987). Prior to a judgment in the underlying action, a debtor or a garnishee is not entitled to a hearing on the merits of whether the prejudgment garnishment was proper or whether the garnishee holds the attached property as a trustee. See City National Bank v. Davis, 181 Conn. 42, 44,434 A.2d 310 (1980).
In the present case, Wihbey argues that the garnishment of the IRA account should be dissolved on several grounds. Wihbey claims that the garnishee, Merrill Lynch Trust Company, is a New Jersey corporation which does not do business in Connecticut or maintain any contacts with Connecticut, which would implicate personal jurisdiction. Thus, Wihbey maintains that the garnishment should be dissolved on the ground that the court does not have jurisdiction over the garnishee, Merrill Lynch Trust Company.
Wihbey contends that the writ of garnishment should be dissolved, as Merrill Lynch Trust Company is not named in the writ as the garnishee. Wihbey contends also that the writ was improperly served on Merrill, Lynch, Perce, Fenner Smith in Connecticut. Merrill Lynch Trust Company is a wholly owned subsidiary of Merrill, Lynch, Pierce, Fenner Smith. Wihbey maintains that Merrill, Lynch, Pierce, Fenner Smith was not authorized to accept service of process for Merrill Lynch Trust Company. Wihbey claims that garnishment should be dissolved because the IRA was not his personal fund, but rather retirement benefits held in trust by Wihbey. Wihbey argues that 29 U.S.C. § 1056
prohibits the assignment or alienation of these funds. Wihbey contends further that 29 U.S.C. § 1103(c) provides that the funds cannot inure to his benefit.
Wihbey argues that the purpose of a prejudgment remedy is to provide security for a creditor who may have a judgment rendered in his favor. Wihbey claims that if the plaintiff prevails in the deficiency action, it will not be able to execute on the IRA because an IRA is exempt from postjudgment procedures. General Statutes 52-352b(m) as amended Public Act CT Page 11073 92-215. Accordingly, Wihbey argues that the garnishment should be dissolved because it does not provide security for the plaintiff.
The plaintiff argues that there is no statutory authority to dissolve a garnishment based on the issues raised by Wihbey.
A prejudgment garnishment may be granted in a foreclosure action. People's Bank v. Bilmore Building Corporation, 28 Conn. App. 809,818, 614 A.2d 456 (1992). In Connecticut, prejudgment remedies operate by statute. Ford Motor Credit Co. v. B.W. Beardsley, Inc., 208 Conn. 13, 17, 542 A.2d 1159 (1988); Clime v. Gregor, 145 Conn. 74, 76-77, 138 A.2d 794 (1958). "No judge or court has the power to order the release of property from the lien of an attachment unless its release is authorized by statute." (Citations omitted.) Clime v. Gregor, supra, 76-77.
General Statutes 52-278k is the only statute that authorizes the release of a prejudgment remedy. General Statutes 52-278k
provides that "[t]he court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the standards applicable at an initial hearing." General Statutes 52-278k; Gibbs v. Mase,11 Conn. App. 289, 293, 526 A.2d 7 (1987). "The [initial] hearing . . . is expressly `limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim.' The `claim' to which the section refers is the plaintiff's claim against the defendants, not the plaintiff's claim against the garnishees." William M. Raveis Associates v. Kimball, supra, 336; England v. England, 184 Conn. 85,89, 440 A.2d 790 (1981). "The extent of that seizure, the determination of what debts, if any, were then owed to the defendants, must await either a scire facias hearing under General Statutes 52-235a, [or a post-execution hearing under General Statutes 52-356c(a)]." (Footnotes omitted; citations omitted.) William M. Raveis Associates v. Kimball, supra, 335.
General Statutes 52-278k does not permit Wihbey to produce evidence attacking service of the garnishment or the extent of his interest in the garnishment. Consequently, Wihbey is not entitled to a hearing on his motion to dissolve the garnishment, and, therefore, his motion is denied. CT Page 11074
Tyler, Cooper Alcorn for plaintiff.
Zeisler Zeisler for defendant.