[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO SECOND PJR
The record in this file will indicate that the case began with an application for prejudgment remedy dated October 3, 1991. The record suggests that after a full hearing the court, Hurley, J., entered an order for a prejudgment remedy on November 12, 1991 in the amount of $50,000 relating to property described in Schedule A attached thereto being a CT Page 4093 certain Bloomfield property located on Mountain Road. That attachment was filed against Gennaro A. Russo, Jr. and Adriana M. Russo. Subsequently, the file reflects a notice of bankruptcy filing on behalf of those defendants and, thereafter, on March 15, 1993 the case was withdrawn as to the defendants Adriana and Gennaro Russo only. This left the plaintiffs with an action against the defendants, The Boyer Agency, Inc. and the defendant Peggy Amata, an employee/salesperson for The Boyer Agency, Inc. Thereafter, the plaintiff, after various pleadings by the remaining parties, on September 13, 1993 filed a request for leave to file an amended complaint, and on October 25, 1993 the defendant Peggy Amata filed an answer to the amended complaint. Thereafter, on November 1, 1993, the plaintiff filed an application for prejudgment remedy. The matter was set down for a hearing on November 22, 1993, and after a full hearing the court, Parker, J., denied the application indicating that its decision that there was no factual basis that the defendant Peggy Amata made any misrepresentations.
On December 6, 1993, the plaintiff filed a request for leave to file a second amended complaint to which the defendant Amata filed an answer special defenses counterclaim and cross complaint on December 20, 1993. On January 11, 1994, the plaintiff filed a third application for prejudgment remedy requesting an attachment of property of Peggy Amata described in the exhibit attached.
At the hearing scheduled for the same on January 31, 1994 the defendant Amata appeared by counsel and objected to the application. After having filed with the court, the defendants claim a request for hearing utilizing form JD-CV-53 pursuant to Public Act 93-431. At that hearing the defendant Amata, by counsel, raised the issue of whether it was appropriate for the plaintiff to request a second application for prejudgment remedy of an attachment when they had not appealed from the denial of a prejudgment remedy of attachment entered just three months earlier. The defendant cited the case Sellner v. Beechwood Construction Company, 176 Conn. 432
(1979) for the proposition that the plaintiff should have appealed the decision denying the PJR to perfect their rights with regard to the same. The defendant also points out the amendment to Section 52-278(1) authorizing an appeal to what otherwise might be considered an interlocutory matter. CT Page 4094
The plaintiff claims a right to make a second application based upon an amendment complaint which apparently was designed to raise issues of nondisclosure rather than misrepresentations. They cite Practice Book 203.
The legal issue, therefore, to be determined prior to the holding to any hearing on the third application for a prejudgment remedy in this file is whether the same is precluded by the denial of the previous application.
Oral argument was had on the issue by counsel.
"`Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment, or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment. . ." General Statutes 52-278a(d). When ruling on an application for prejudgment remedy, the court must determine whether there is "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes 52-278c(a)(2). "[P]robable cause is a bona fide belief in the existence of the facts essential under the law for the action and as such would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Wall v. Toomey, 52 Conn. 35, 36 (1884). (Emphasis in original.) This is a flexible, common sense standard which requires the court to determine probable success by weighing probabilities. New England Land Co., Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098 (1990).
In the present case, the plaintiffs argue that the issue of nondisclosure, raised in their second amended complaint filed December 6, 1993, was not raised as an issue in their amended complaint filed September 13, 1993. Plaintiffs argue that this new issue raised in the second amended complaint permits a hearing on their second application for prejudgment remedy filed January 11, 1994.
Although the plaintiffs' second amended complaint characterizes defendant Peggy Amata's conduct as "fraudulent and deliberate nondisclosure," it is nonetheless based upon the same facts as alleged in the plaintiffs' amended complaint filed September 13, 1993. In England v. England, 184 Conn. 85,90, 440 A.2d 790 (1981), the court held that the defendant CT Page 4095 was not entitled to a new hearing on probable cause to support the prejudgment remedy after the plaintiffs amended their prayer for relief. The court stated: "No new hearing on probable cause is required as the amendment in this case altered only the prayer for relief and clearly did not change the factual bases or series of transactions upon which the complaint was based." Id., 90. (Internal quotation marks omitted.)
As in England, supra, the plaintiffs here have not set forth any new facts which might warrant a new hearing on probable cause. See id. Therefore, the plaintiffs' application for prejudgment remedy filed January 11, 1994, is denied.
Leuba, J.