[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 4, 1994, the plaintiff, Resolution Trust Corporation (RTC), as receiver for the Security Savings Bank, brought this three count foreclosure action against the defendants, Joseph A. Guisto, Jr., Joan Z. Guisto, Michael J. Guisto, Jean E. Guisto, and Gannett Outdoor Company. RTC also seeks a deficiency judgment and a garnishment of the estate and goods of Joseph A. Guisto, Jr., Michael J. Guisto, Joan Z. Guisto, and Jean E. Guisto from CenterBank and First Federal Savings Loan Association of Waterbury, up to $102,300.
In its complaint, RTC alleges the following: On June 29, 1990, Joseph A. Guisto, Jr. and Michael J. Guisto executed a promissory note for $261,000 and a mortgage deed in favor of Security Savings and Loan Association. On June 29, 1990, Joan Z. Guisto and Jean E. Guisto guaranteed the note. The loan is in default and the debt has been accelerated. RTC was appointed as the receiver for Security Savings and Loan Association, which is now named the Security Federal Savings and Loan Association.
The note is secured by mortgages on three properties. Each of the three counts of the complaint address one of the properties. The first mortgage encumbers lot no. 12, Hamilton Avenue, Waterbury. The City of Waterbury has three tax liens in the amounts of $1,091.44, $2,182.99 and $2,182.88 on the property. Gannett Outdoor Company has an interest in the property by virtue of a lease agreement, dated November 6, 1990. The second mortgage encumbers 137 Woodland Avenue, Waterbury and was executed on June 29, 1990, by Joseph A. Guisto, Jr. and Joan Z. Guisto. Homeowners Federal Savings and Loan Association has a mortgage of $70,000 in the property dated August 27, 1987, which was assigned to Bankers Trust Company of California, N.A., and recorded in the land records on April 5, 1993. The third mortgage encumbers 31 Brackenridge Drive, Waterbury and was executed on June 29, 1990 by Michael J. Guisto, Jr. and Jean E. Guisto. First Federal Savings Loan Association of Waterbury has a mortgage on that property for $90,000, dated June 7, 1989.
RTC has attached to its complaint copies of the note, guaranty agreement, the mortgage of Hamilton Avenue property, CT Page 6993 and the mortgage of the Brackenridge Drive property. In addition, RTC has submitted the affidavit of Ross Forman, the asset manager for Coopers Lybrand Sigma who manages RTC's receivership for Security Savings Loan Association, in support of probable cause to allow a prejudgment remedy.
On May 31, 1994, the following accounts with First Federal Bank were garnished: 1) Joseph A. Guisto Jr.'s savings account of $500 and checking account of $1,698.76; 2) Michael J. Guisto's checking account of $3,127.19; 3) Michael J. Guisto's and Jean E. Guisto's joint savings account of $73.76 and joint checking account of $319; and 4) Jean E. Guisto's savings account of $441.68. The garnished accounts at First Federal Bank total $5,660.39.
RTC claims that the Hamilton Avenue property has been appraised at $178,000 as of August 27, 1993; the Woodland Avenue property has equity in the amount of $40,000, as of March 4, 1994; and the Brackenridge Drive property has $35,000 in equity as of March 16, 1994. The total equity of the properties is $253,000. RTC states that the debt presently owed is $368,847.74 plus a per diem charge of $84.57.
At the hearing on June 13, 1994, CenterBank produced a list of five accounts in the name of Joan Z. Guisto. Two of the accounts in her name total $505.31. The other three accounts are joint accounts in the name of Paul Zbell and Joan Z. Guisto. These three accounts include: a CD account of $10,027.01; a checking/savings account where $1,322.76 is allocated to checking and $756.94 to savings; and a savings account of $22,040.07.
The defendants do not contest that there is probable cause to garnish the defendants' accounts; however, they contest the propriety of garnishing the joint accounts of Zbell and Joan Z. Guisto. Zbell is Joan Guisto's seventy-eight year old father and he testified at the hearing. Zbell testified to the following: He opened the three joint accounts forty years ago with his wife. Zbell put his daughter's name on the accounts in 1970 after his wife died so that she could pay his bills if there was an emergency and he was hospitalized. The bank did not explain to Zbell that an escrow account or trustee account would serve his needs without providing for joint ownership of the funds. The accounts are composed of money Zbell and his wife earned and his social security. Zbell's social security in CT Page 6994 the amount of $1,087 a month is deposited in the $22,040.07 savings account by the U.S. Treasury. Zbell testified that $359.70 is directly deposited from his Pickwick pension fund into the checking/savings account. It is not disputed that those funds are used for living expenses.
Zbell and Joan Guisto testified that the money belongs to Zbell and that Joan Guisto has never drawn on the accounts for her own benefit or deposited money in the accounts. A representative of Centerbank testified the Joan Guisto had once signed a withdrawal slip jointly with her father. Joan Guisto testified that she had never withdrawn money for her own benefit.
RTC seeks to garnish the $10,027.01 in the CD account; the savings portion of $756.53 in the checking/savings account; and the portion of the $22,040.07 savings account that is attributable to the roll over of interest in the amount of $28 per month from the CD account.
The plaintiff in a foreclosure action may obtain a prejudgment garnishment. People's Bank v. Bilmor BuildingCorporation, 28 Conn. App. 809, 818, 614 A.2d 456 (1992). A prejudgment garnishment is a statutory remedy. Ford MotorCredit Co. v. B.W. Beardsley, Inc., 208 Conn. 13, 17,542 A.2d 1159 (1988). The statutes authorizing prejudgment remedies must be strictly construed. Union Trust Co. v. Heggelund, 219 Conn. 620,626, 594 A.2d 594 (1991). The hearing to determine probable cause for the prejudgment remedy "`is expressly "limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim." The "claim" to which the section refers is the plaintiff's claim against the defendants, not the plaintiff's claim against the garnishees.'" Burritt Interfinancial Bancorporation v. Genvest,9 CSCR 86, 87 (December 20, 1993, West, J.), quoting William M.Raveis Associates v. Kimball, 186 Conn. 329, 336, 441 A.2d 200
(1982).
The issue of the ownership of the accounts is not an issue at the prejudgment remedy hearing. William M. Raveis Associates v. Kimball, supra, 186 Conn. 335; BurrittInterfinancial Bancorporation v. Genvest, supra, 9 CSCR 87; see also AP Coat, Apron and Linen Supply, Inc. v. Fairfield ManorHealth Care Center, 1 CSCR 680, 680-81 (July 16, 1986, Thim, J.). The determination of what debts are owed to the defendants CT Page 6995 by the garnishee "must await either a scire facias hearing under General Statutes § 52-381, or a declaratory judgment under General Statutes § 52-235a, [or a post-execution hearing under General Statutes § 52-356c(a)]" (Footnotes omitted; citations omitted.) William M. Raveis Associates v. Kimball, supra,186 Conn. 335-36. "[A] garnishee cannot challenge the validity of a prejudgment remedy except by recourse to these plenary statutory procedures. Under the new act [General Statutes § 52-356c], disputes about the validity of a garnishment may be adjudicated in a hearing in supplemental proceedings that are ancillary to the underlying action." Hospital of St. Raphael v.New Haven Savings Bank, 205 Conn. 604, 607 n. 3, 534 A.2d 1189
(1987).
The defendants in the present action have conceded that there is probable cause to warrant prejudgment remedies. Therefore, under General Statutes § 52-278d(a), the court does grant the prejudgment remedy. Zbell must make his claim for ownership of the accounts "within twenty days of service of the execution or upon application by the judgment creditor for a turnover order." General Statutes § 52-356c(a).
Therefore, a prejudgment remedy of garnishment of the defendants' accounts at First Federal Bank, the two Centerbank accounts in Joan Guisto's name, the CD account in Zbell's and Joan Guisto's names, the $28 per month of interest from the CD account that was deposited into the $22,040.07 savings account, and the $756.53 of savings in the checking/savings account is granted.
SYLVESTER, J.