[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have applied to this court for a prejudgment remedy against the defendants Man Green and Eric Green pursuant to General Statutes § 52-278a et seq. The plaintiffs claim that the Greens made fraudulent and negligent misrepresentations to them in connection with their purchase from the Greens of a single family residence. In the underlying action, plaintiffs are seeking a rescission of the sale.
Based on the evidence presented at the hearing on the plaintiffs application for a prejudgment remedy, I find that the plaintiffs have established probable cause that a judgment will be rendered in their favor. The plaintiffs provided sufficient evidence to establish that the Greens falsely stated, orally and in writing, that their residence never experienced flooding problems or water damage, that the Greens knew these statements to be false, that the statements were made to induce the plaintiffs to purchase the property and that the plaintiffs purchased the property in reliance upon the false statements.
The plaintiffs seek a prejudgment remedy in the amount of $450,000. They maintain that since they are seeking a rescission of the sale of the property they are entitled to a prejudgment remedy securing the return of the $295,000 they paid to the Greens for the property. The plaintiffs assert that they are also entitled to consequential damages of $6,428 which represents their closing costs and $25,000 which represents the cost of improvements they made to the house prior to learning of the misrepresentations. Finally, the plaintiffs ask for an additional $124,572 to cover a potential award of attorneys fees and punitive damages pursuant to their claim of a violation of the Connecticut Unfair Trade Practices Act(CUTPA).
The Greens contend that the issuance of a prejudgment remedy is not appropriate because the plaintiffs are seeking a rescission of the sale. The Greens assert that a party asking for a rescission of a contract may not claim monetary damages. The Greens also maintain that a prejudgment CT Page 747 remedy may not issue because the plaintiffs have failed to prove their monetary losses. They claim that the true measure of the plaintiffs' loss is the diminution in the fair market value of their property as a result of the flooding problem and the plaintiffs failed to offer any evidence of that diminution in value.
The remedy of rescission and restitution is an alternative to damages in an action for breach of contract. 12 Williston, Contracts (3d Ed. Jaeger) 1455, p. 14. See also Kavarco v. T.J.E., Inc., 2 Conn. App. 294,299(1984). "Rescission of a contract is an appropriate remedy if there has been a material misrepresentation of fact upon which a party relied and which caused it to enter the Id., 298. See also 1 Restatement (Second), Contracts § 164 ("If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient.")
"Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract."Kavarco v. T.J.E., Inc., supra, 2 Conn. App. 299. See also Paul RevereLife Ins. Co. v. Pastena. 52 Conn. App. 318, 325 (1999). The party who has properly rescinded the contract is entitled to restitution of any benefit that he has conferred on the other party. 3 Restatement (Second), Contracts § 376. The rescinding party may also seek consequential damages for expenses, such as improvements to the property, he incurred prior to repudiation of the contract. Altberg v.Paul Kovacs Tire Shop, Inc., 31 Conn. App. 634, 642(1993).
Rescission and restitution is an equitable remedy. Maruca v. Phillips,139 Conn. 79, 83 (1952). A prejudgment remedy is available in both legal and equitable proceedings. England v. England, 184 Conn. 85, 88 (1981). See also General Statutes § 52-278b. The plaintiffs here are entitled to a prejudgment remedy to secure upon rescission of the sales contract the return of the $295,000 that they paid to the Greens for the purchase of the property. They are also entitled to security for their consequential damages.
Based on the evidence presented, I hereby determine that there is probable cause that a judgment in the amount of $325,428, taking into account any defenses, counterclaims or set-offs, will be rendered in this matter in favor of the plaintiffs. Accordingly, the plaintiffs' application for a prejudgment remedy in the amount of $325,428 is hereby granted.
 BY THE COURT ___________________ Judge Jon M. Alander CT Page 748
[EDITORS' NOTE: This page is blank.] CT Page 749